PEOPLE *v.* CARUSO

Constitutional Law—Criminal Law—Coconspirator—Testimony.
  Testimony of a coconspirator relating to a conversation with
  other defendants which took place before they were formally
  charged by a warrant was properly admitted in evidence at
  their trial and it did not contravene their rights under the
  Fifth and Sixth Amendments (US Const, Ams 5, 6).

Appeal from Recorder's Court of Detroit, Robert E. DeMascio, J. Submitted Division 1 January 14, 1970, at Detroit. (Docket No. 6,673.) Decided January 27, 1970. Rehearing denied March 11, 1970. Leave to appeal denied May 19, 1970. 385 Mich 783.

Samuel Caruso, Madeline Weinsaft and Paul Anthony Leggio were convicted of conspiring to commit larceny, conspiring to possess stolen motor vehicles, larceny over $100 and possession of stolen motor vehicles. Defendants appeal. Affirmed

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Angelo A. Pentolino,* Assistant Prosecuting Attorney, for the people.

*Ivan E. Barris,* for defendant.

References for Points in Headnote
29 Am Jur 2d, Evidence § 539.
16 Am Jur 2d, Conspiracy § 41.

Before: DANHOF, P. J., and FITZGERALD and Mc-
GREGOR, JJ.

PER CURIAM. These three defendants were tried
and convicted of conspiring to submit larceny,[1] con-
spiring to possess stolen motor vehicles,[2] larceny
over $100,[3] and possession of stolen motor vehicles.[4]
They question, on appeal as at trial, the propriety
of admitting the testimony of a coconspirator (not
a defendant herein) relating to a conversation had
with defendants Caruso and Weinsaft on February
9, 1968. This conversation was recorded on an elec-
tronic tape which received voices from a miniature
radio transmitting device fastened to the witness's
back; the recording was initially offered as evidence
but, after objections by defense counsel, was subse-
quently withdrawn. Defendants argue that the wit-
ness's testimony relating to the conversation should
not have been admitted, since it contravened their
Fifth and Sixth Amendment rights.

Defendant asserts that the case of *Massiah* v.
*United States* (1964), 377 US 201 (84 S Ct 1199, 12
L Ed 2d 246), is directly applicable to the case at
bar, and we should therefore, reverse. In *Massiah*,
the defendant had been arrested, indicted for a nar-
cotics charge, and released on bail. One of the co-
defendants cooperated with the police and, with a
transmitter installed in the codefendant's car, en-
gaged the defendant in a lengthy conversation dur-
ing which the defendant made incriminating state-
ments, which were overheard by an agent. The
Supreme Court held that the agent's testimony re-
garding these statements must be excluded, since it

---

[1] MCLA § 750.157a (Stat Ann 1969 Cum Supp § 28.354[1]).
[2] MCLA § 750.157a (Stat Ann 1969 Cum Supp § 28.354[1]).
[3] MCLA § 750.356 (Stat Ann 1969 Cum Supp § 28.588).
[4] MCLA § 257.254 (Stat Ann 1968 Rev § 9.1954).

violated the defendant's Fifth and Sixth Amendment rights.

The chronology of events in the present case was that before any arrest, indictment, or information, this witness informed the police of the defendants' activities. On January 26, 1968, defendant Caruso was arrested for this offense, but the police were unable to learn anything from him and released him the same day. On February 9, 1968, in response to Caruso's telephone messages, the witness met defendants Caruso and Weinsaft. Before meeting them, the witness informed the police that he was meeting the defendants and the police supplied him with the recorder. The witness testified that Caruso castigated him for not being available when he called and told him (in regard to these activities) to keep his mouth shut. Caruso apparently said that if no one would talk there wouldn't be any trouble. Defendant Weinsaft's conversations with the witness were to the same effect. On February 19, 1968, the defendants herein were formally charged by a warrant for the present offense and were arraigned thereon.

The facts in this case indicate that defendants' reliance upon *Massiah, supra,* is misplaced. Although defendant Caruso had been arrested, none of the defendants had been indicted. In *Caton* v. *United States* (CA 8, 1969), 407 F2d 367, *cert denied* 395 US 984 (89 S Ct 2149, 23 L Ed 2d 773), the Court was presented with the argument that the defendant was denied his Fifth and Sixth Amendment rights when a government agent, who was transporting two codefendants, overheard incriminating statements made by one defendant to the other. The Court, in allowing the agent to testify, relied in part upon the fact that the defendants had been arrested

and informed of their rights to counsel, but had not been indicted:

"We find the defendant's reliance misplaced. While we express no opinion as to the sweep of the *Massiah* case, it is clearly inapplicable to our situation. The significant factor in *White* and *Massiah* was that the statements were made after the defendant had been indicted. Here, the defendant had been arrested but he had not been indicted." *Caton* v. *United States* (CA 8, 1969), 407 F2d 367, 374.

Furthermore, we do not find any interrogation in the case at bar, nor do we find any lengthy conversation used for the purpose of eliciting incriminating evidence, as in *Massiah, supra.* Here, the witness went to see Caruso in response to telephone calls made by Caruso. Rather than an interrogation or an attempt to elicit statements from this defendant, the witness was the subject of a verbal castigation.

We conclude that these defendants have not been deprived of their constitutional rights.

Affirmed.